# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JEFFREY J. DUBSKY,** | ) | **CASE NO. 4:08CV3057** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MICHAEL J. ASTRUE, the** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's application for attorney fees and supporting brief (Filing Nos. 27, 28). The motion is supported by an affidavit. (Filing No. 29.) The Commissioner has filed an objection. (Filing No. 35.) The Plaintiff filed a reply and supporting affidavit. (Filing Nos. 40, 41.) Also before the Court is the Plaintiff's motion to stay the fee issue pending completion of the sentence four remand. (Filing No. 42.)

## FACTUAL BACKGROUND

The Court reversed and remanded this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). (Filing Nos. 21, 22.)

In his application for attorney fees, Plaintiff's counsel requests the following:

- $11,505.11 in attorney's fees, based on 65.80 hours of work at hourly rates ranging from $168.78 to $176.59;

- $4,631.25 for law clerk services, based on 131.75 hours at an hourly rate of $35 for "Law Clerk 1" and 1.00 hour of work at an hourly rate of $20 for "Law Clerk 2";[1] and

---

[1] "Law Clerk 1" was paid $10.00 per hour. (Filing No. 29, at 22.)

- $2,336.25 for paralegal services, based on 2.25 hours at an hourly rate of $25 for "Paralegal 1," 90.70 hours at an hourly rate of $25.00 for "Paralegal 2," and .50 hours at an hourly rate of $25 for "Paralegal 3."[2]

(Filing No. 29, Ex. 1.)

The total amount of requested fees is $18,472.61. (Filing No. 29, Ex. 1.) Because the requested hourly rate exceeds the usual rate of $125 per hour established in the most recent amendment to 28 U.S.C. § 2412(d)(2)(D)(2)(A), Plaintiff's counsel submitted Consumer Price Index information from the U.S. Department of Labor regarding the increase in cost of living during the applicable time period. The Court finds, under § 2412(d)(2)(D)(2)(A), that an increased cost of living justifies the fee to the extent that the requested fee exceeds the usual rate.

The Defendant does not disagree with an award of EAJA fees. However, the Defendant argues that the requested fee amount is not "reasonable."

## DISCUSSION

Plaintiff's counsel notes several atypical circumstances in this case, including the following: his blindness[3]; he did not represent the Plaintiff in the administrative proceeding; the record is lengthy; a number of arguments were addressed; and the favorable result.

In arguing that the requested fee is excessive, the Defendant argues: the number of hours claimed is excessive; while the transcript is lengthy, it is not unusual; no novel

---

[2] "Law Clerk 1" was actually paid $12.50 per hour, "Law Clerk 2" was paid $14.00 per hour, and "Law Clerk 3" was paid $12.00 per hour.

[3] While counsel states that his staff provided sighted assistance, he states that his application includes no overlap of such sight-assistance time with attorney time. (Filing No. 29, at 17.)

arguments were raised; some claimed services are duplicative; some entries are estimated, resulting in vague multi-task entries; and some law clerk time was excessive, reflecting the law clerk's inexperience in the area of social security and time devoted essentially to attorney training. The Defendant suggests that a total fee of $6,500.00 is appropriate, noting that the fee would represent as a reasonable approximation of the time required to litigate this case, 40 hours of attorney time at an hourly rate of $175.00.

The Court concludes that a reasonable fee should be awarded. In determining the amount of a "reasonable" fee, the Court has carefully considered the arguments of both parties. The Court finds that the blindness of Plaintiff's counsel is a "unique circumstance" that should be considered. *Stockton v. Shalala,* 36 F.3d 49, 50 (8th Cir. 1994) (remanding for a modification in the fee award, finding that counsel's blindness was a unique circumstance justifying some duplication of time between the attorney and paralegal). Also, the Court is mindful of the fact that Plaintiff's counsel did not represent Dubsky at the administrative level, requiring counsel to familiarize himself with the record below. Finally, the Court notes the favorable result in the form of a sentence four remand.

The Court is likewise persuaded by some of the Defendant's objections. Overall, the Court finds the number of hours claimed is excessive, even under the unique circumstances presented. The Court agrees that while the transcript is lengthy, it is not unusual; however, the Court recognizes counsel's understandable lack of familiarity with the transcript as he did not represent Dubsky before the Administrative Law Judge. The arguments presented were not novel. Some claimed services are duplicative, e.g., conference time was billed equally for all attendees. The estimated time records result in

a number of multi-task entries, making it impossible for the Court to determine accurate entries for a number of tasks. Some law clerk and paralegal time appears excessive, even considering the unique circumstances presented. For example, the 14-page letter sent to the Defendant's counsel attempting to settle the case provided Plaintiff's counsel with a substantial portion of his brief; however, substantial amounts of time are claimed for both the letter and brief.

In determining a reasonable fee award, the Court finds little guidance in the provided examples of attorney fees awarded in various jurisdictions in cases other those remanded under sentence four. Rather, as a starting point the Court looks to its own previous fee awards in sentence four remand cases: *Lineback v. Barnhart,* 9:05CV364 (Aug. 11, 2006) ($3,545.49, representing 22.6 hours of work at $156.88); *Swearingen v. Barnhart,* 4:05CV3079 (May 1, 2006) ($4,766.40, representing 30 hours at $160.00); *Capp v. Barnhart,* 4:04CV3367 (Dec. 27, 2005) ($4,000.00, as agreed by the parties following the Plaintiff's request for $5,180.53); *Ward v. Barnhart,* 8:05CV161 (Aug. 30, 2005) ($4,680.00, representing 30 hours at $156.00); *Goodwin v. Barnhart,* 8:05CV103 (Aug. 4, 2005) ($748.80, representing 4.80 hours at $156.00).

The Court concludes that an award between the amount requested by the Plaintiff and the amount suggested by the Defendant is reasonable, given the atypical circumstances in this case. In particular, the Court considers Plaintiff's counsel's blindness, the fact that Plaintiff's counsel did not represent Dubsky during the administrative proceeding, the fifteen months that this case was litigated in this Court, and the favorable sentence four remand. However, the Court agrees with many of the points

raised by the Defendant. In particular, the Court considers that counsel seeks fees for the paralegals and one law clerk in excess of what was paid to those individuals as wages, the duplicative nature of numerous tasks not related to counsel's blindness, and the lack of any novel issues. In reducing a requested fee, the Court is not required to consider every task reported. Rather, the Court may in its discretion reduce the requested amount by a percentage. *Handke v. Astrue,* C06-4106-PAZ (N.D. Ia. May 16, 2008) (citing *Colegrove v. Barnhart,* 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006)). The Court concludes that in this case the requested award of $18,472.61 should be reduced by 60%, resulting in a total fee award of $7,389.04.

The Plaintiff seeks to stay this matter pending the administrative proceeding on remand in order to seek attorney fees under 42 U.S.C. § 406(b). Should Plaintiff's counsel receive a larger § 406(b) award, he would be ordered to refund his client the smaller EAJA amount. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002). The motion is denied.

## CONCLUSION

For the reasons discussed, the Plaintiff's application for attorney fees is granted in part and denied in part.

IT IS ORDERED:

1. The Plaintiff's application for attorney fees and supporting brief (Filing No. 27) is granted in part and denied in part;

2. The Defendant's objection (Filing No. 35) is granted in part and denied in part;

3. The Plaintiff is awarded attorney fees in the amount of $7,389.04; and

4.      The Plaintiff's motion to stay (Filing No. 42) is denied.

DATED this 8th day of June, 2009.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        United States District Judge