# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JEFFREY J. DUBSKY,** | ) | **CASE NO. 4:08CV3057** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's motion and amended motion for attorney fees under 42 U.S.C. § 406(b) (Filing Nos. 44, 47).[1] The amended motion is supported by a brief (Filing No. 48) and evidence (Filing No. 49). The Defendant responded (Filing No. 50), and the Plaintiff replied (Filing No. 51).

## FACTUAL BACKGROUND

On March 21, 2008, the Plaintiff filed his complaint alleging that he is disabled under the Social Security Act and requesting that the Commissioner's decision denying him benefits be vacated or, in the alternative, that his case be remanded for a new hearing. (Filing No. 1.) The Plaintiff filed his supporting brief (Filing No. 14) and supplemental evidence (Filing No. 15). The Defendant did not file a brief; rather, the Defendant moved for a remand under sentence four of 42 U.S.C. § 405(g), which provides that the court may consider the pleadings and transcript of the record and enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding for a

---

[1] The only apparent difference between the two motions is that the first motion was incorrectly docketed as a motion for fees under the Equal Access to Justice Act, while the amended motion was properly docketed as a motion for fees under 42 U.S.C. § 406(b). The initial motion will be denied as moot, and therefore the Court will refer only to the amended motion.

rehearing. (Filing No. 20.) A remand under sentence four terminates this Court's jurisdiction. *Travis v. Astrue,* 477 F.3d 1037, 1039 (8th Cir. 2007). In support of the request for remand, counsel for the Defendant stated that agency counsel reviewed the case and asked the Appeals Council to also review the case. Upon doing so, the Appeals Council concluded that a remand was appropriate. (Filing No. 20.) On February 2, 2009, this Court remanded the case to the ALJ, ordering in accordance with the Defendant's suggestion that the ALJ "obtain additional evidence from a medical expert regarding the nature, course, and severity of Plaintiff's mental impairments, including the effect of substance abuse, and to further consider Plaintiff's physical and mental residual functional capacity." (Filing No. 21.) Plaintiff's counsel received attorney fees in the total amount of $7,389.04 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Filing No. 43.) The recent motion for attorney fees under 42 U.S.C. § 406(b) followed. (Filing Nos. 44, 47.) In support of the application for § 406(b) fees, plaintiff's counsel filed the following evidence: the fee agreement entered into between the Plaintiff and his attorney (Ex. 1)[2]; the May 7, 2007, ALJ's decision (Ex. 2); the October 9, 2009, ALJ's decision (Ex. 3); the Commissioner's notice of the Plaintiff's past due benefits in the amount of $95,270.00 (*See* Ex. 4); counsel's affidavit (Ex. 5); the letters of guardian and conservator appointing Jay Dubsky as Plaintiff's guardian (Ex. 6); the affidavit of Jay Dubsky, Plaintiff's guardian (Ex. 7); and a letter to the ALJ (Ex. 8). The Defendant does not oppose a fee award but requests that the Court award a reasonable fee. The Defendant argues that the

---

[2]The fee agreement states that the Plaintiff will pay an attorney fee equaling the larger of the following: $2,000; up to 25% of any awarded past-due benefits; or any EAJA award. (Filing No. 49, Ex. 1.)

maximum allowable fee under § 406(b) is $23,817.50, noting that if an award exceeding the amount of the EAJA award is made, the $7,389.04 awarded in EAJA fees must be refunded to the Plaintiff.

## DISCUSSION

42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

EAJA fees are paid by the Social Security Administration, while fees awarded under § 406(b) are paid from the Claimant's past-due benefits. *Id.*; *Bear v. Astrue,* 544 F. Supp. 2d 881, 883 (D. Neb. 2008). When a claimant receives awards under both the EAJA and § 406(b), the claimant's attorney must refund the smaller award to the claimant. *Bear,* 544 F. Supp. 2d at 884-85. In determining whether a requested fee under § 406(b) is "reasonable," a court must consider factors including: the "'character of the representation and the results the representation achieved.'" *Id.* at 884 (quoting *Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002)). Also, a fee award may be reduced if the attorney is responsible for delay "such that [the attorney] would 'profit from the accumulation of

benefits during the pendency of the case in court.'" *Id.* (quoting *Gisbrecht,* 535 U.S. at 793).

Considering the applicable factors, the Court finds that Plaintiff's counsel is very experienced, having represented claimants in 67 cases in this Court. The quality of the attorney's work is good. In this case, the attorney filed a thorough brief, and the result was that the government moved for a remand. The Court notes that in awarding EAJA fees, the Court reduced the requested amount by 60%, finding that 65.80 hours of attorney work time, 132.75 law clerk hours, and 91.2 hours paralegal time was excessive. The Court also notes that additional time was expended in preparing the instant motion, brief, and index.

One additional issue remains regarding this portion of the calculation. The law provides that, when an attorney receives both EAJA and § 406(b) awards, the attorney must refund the smaller amount to the claimant. That procedure will be followed in this case. Therefore, any total fee under § 406(b) awarded that exceeds the amount of the EAJA fee will be reduced by the amount of the EAJA fee, and the amount of the EAJA fee will be awarded to the Plaintiff.

The Court has considered the same factors considered in reducing the requested EAJA amount, including: Plaintiff's counsel's blindness; Plaintiff's counsel did not represent Dubsky at the administrative level, requiring him to familiarize himself with the administrative record; the favorable result achieved; the excessive number of hours claimed, even considering unique circumstances; the issues were not novel; some services were overbilled, i.e., conference time was billed equally for all attendees; several multi-task entries made it difficult for the Court to determine accurate entries for some tasks; and some excessive law clerk and paralegal time. (Filing No. 43, at 3-4.) However, in

determining the § 406(b) fees, the Court is also mindful that the Plaintiff's guardian understands and agrees to the requested § 406(b) award. (Filing No. 49, Ex. 7.) The Court is persuaded by the thorough analysis in *Rathe v. Social Sec. Admin.,* 2009 WL 2058526 (D. Neb. July 8, 2009) (Hon. Richard G. Kopf) that, considering all factors, the requested fee is reasonable. The Court specifically concludes that a blanket reduction of the requested amount by 60%, the reduction applied in the EAJA context, would insufficiently compensate Plaintiff's counsel.

IT IS ORDERED:

1.  The Plaintiff's amended motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 47) is granted in the amount of $23,817.50, which must be paid from the 25% of the Plaintiff's past-due benefits being held by the Social Security Administration for direct payment to counsel for an authorized attorney fee;

2.  Plaintiff's counsel must refund the Plaintiff $7,389.04, which represents the total attorney fee previously awarded by this Court under the EAJA; and

3.  The Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 44) is denied.

DATED this 30th day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge